O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LORI HIGGINS,                             )        CASE NO. ED CV 10-01357 RZ
                                          )
                   Plaintiff,             )
                                          )        MEMORANDUM OPINION
        vs.                               )        AND ORDER
                                          )
MICHAEL J. ASTRUE, Commissioner           )
of Social Security,                       )
                                          )
                   Defendant.             )
                                          )

        The Administrative Law Judge found that Plaintiff was not disabled because,
despite her impairments, she could perform her past relevant work and, even if not, she
could perform other work in the economy.  In so finding, the Administrative Law Judge
stated that he gave great weight to the opinions of the consulting physicians, and he also
stated that the testimony of the vocational expert, which formed the basis for his findings
that Plaintiff was not disabled, was consistent with the statements in the DICTIONARY OF
OCCUPATIONAL TITLES.  These statements carry an inconsistency that requires remand to
resolve.

        Plaintiff has a hearing deficit, and accordingly wear hearing aids.  The
Administrative Law Judge found that Plaintiff had a residual functional capacity to perform
work at all exertional levels, but that "she cannot perform a job that requires good hearing;

1    and she can have no exposure to steady background noises." [AR 13]  He further stated
2    that in determining the residual functional capacity, he

4          has given great weight to the physical assessments of the State
5          agency review physicians and the functional assessment of the
6          audiology consultative examiner, Dr. Goral.  The hearing related
7          functional limitations are supported by Dr. Goral's diagnostic
8          findings.  There is no evidence to support additional physical
9          functional limitations.  There is no medical source statement
10         suggesting other physical functional limitations.

12   [AR 16] Clearly, the evaluation by Dr. Goral supports the capacity that the Administrative
13   Law Judge found.  [AR 205]  However, Dr. Rose stated her opinion of Plaintiff's
14   functional limitations that Plaintiff should not work in noisy environments [AR 210] and,
15   seemingly, the Administrative Law Judge also accepted this view (or, if he did not, he did
16   not discredit it in any specific way.)  The need to work in a job that does not require acute
17   hearing — as described by Dr. Goral, this appears to be for safety reasons [AR 205] —
18   may differ from the need to work in a job that is not noisy.  On the other hand, it is possible
19   that a noisy job carries the same impact that the Administrative Law Judge considered
20   when he restricted Plaintiff from working in environments with steady background noise.
21        The DICTIONARY OF OCCUPATIONAL TITLES characterizes the job of Plaintiff's
22   past relevant work (hand packager) as having a noise level of 4, which the DICTIONARY
23   characterizes as "loud."  This is the fourth out of five categories of noise level, and is akin
24   to the noise found in a can manufacturing department or heavy traffic, or that generated by
25   earth-moving equipment.  SELECTED CHARACTERISTICS OF OCCUPATIONS DEFINED IN THE
26   REVISED DICTIONARY OF OCCUPATIONAL TITLES, Appendix D (1993).  (Although the
27   Administrative Law Judge stated that Plaintiff could perform the job as actually performed,
28   as opposed to as performed in the regular course of business, it is clear from context that

the Administrative Law Judge was referring to the exertional requirements of the job, not the noise level of the job; there was no indication that the noise level of the job, as actually performed, differed from the noise level of the job as usually performed.)  On the present record, there is an inconsistency between crediting the medical statement that Plaintiff should not work in a noisy environment, and also crediting the vocational statement that she could perform her past relevant work which, as it turns out, takes place in a noisy environment.

The same problem exists with respect to the other jobs that the Administrative Law Judge found suitable for Plaintiff.  One job, that of small products assembler, has a loud noise level.  *See* DICTIONARY 706.684-022.  The other two jobs, that of cleaner/housekeeper and shoe packer, have a moderate noise level, according to the DICTIONARY.  *See* DICTIONARY 323.687-014 (cleaner/housekeeper); 920.687-166 (shoe packer).  A moderate noise level is like that found in a "business office where type-writers are used; department store; grocery store; light traffic; fast food restaurant at off-hours." SELECTED CHARACTERISTICS OF OCCUPATIONS DEFINED IN THE REVISED DICTIONARY OF OCCUPATIONAL TITLES, Appendix D (1993).  If noise presents an impediment to working, then the noise levels attendant to the identified jobs could prevent Plaintiff from being able to perform.

A vocational expert may contradict the DICTIONARY if the record contains persuasive evidence to support the deviation from the DICTIONARY.  *Light v. Social Security Administration*, 119 F.3d 789, 793 (9th Cir. 1997).  Here, however, the Administrative Law Judge asked the vocational expert to indicate if he deviated and the expert said he would [AR 40]; thereafter, the expert made no statement that his opinion differed from the findings in the DICTIONARY.  We are left, therefore, with an ambiguous record, containing DICTIONARY descriptions that, together with Dr. Rose's statement, might undercut the Administrative Law Judge's findings.  But it is also possible that there is some explanation that resolves the inconsistency, some refinement of the vocational expert's

1  testimony, or of Dr. Rose's evaluation, that might indicate more nuance than presently

2  appears.

3          For now, however, the inconsistencies mean that the Court cannot say that

4  substantial evidence backs the Commissioner's decision.  Accordingly, the decision is

5  reversed, and the matter is remanded to the Commissioner for further proceedings

6  consistent with this opinion.[1]

7          DATED:   September 28, 2011

8

9

10                                RALPH ZAREFSKY

11                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]     The Court would appreciate Plaintiff's counsel's proofreading the papers that are filed
with the Court.

-4-